### BOWEN v. NEEDLES NAT. BANK.

(Circuit Court, S. D. California. August 10, 1896.)

INTERVENTION—BY RECEIVERS OF BANK.

    Under Code Civ. Proc. Cal. § 387, authorizing intervention by one "who has an interest in the matter in litigation," the receivers of a national bank may intervene in a suit against the bank to recover a debt.

Action by Abner T. Bowen against the Needles National Bank. On petition by Daniel Murphy, receiver, to intervene.

Wells & Lee, for plaintiff.
Gardiner, Harris & Rodman, for defendant.
Henry O. Dillon, for intervener.

WELLBORN, District Judge.    This is an action to recover an alleged indebtedness of $25,850.    The answer sets up, among other defenses, want of consideration and payment.    Defendant is insolvent, and one Daniel Murphy has, by the comptroller of the currency, been appointed its receiver.    Said Murphy now asks leave to intervene, for the purpose of contesting plaintiff's demand.    The petition for intervention is resisted by plaintiff, on the ground that whatever defenses there may be to the action can be as well and conveniently made by the bank as through its receiver, and hence there is no necessity for an intervention.    The present hearing is on said petition.

The action being one at law, petitioner's right to intervene therein must be determined by reference to the practice in the state courts of California.    Rev. St. U. S. § 914.    Code Civ. Proc. Cal. § 387, provides as follows:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both.  An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an original complaint."

From the provisions of this section it appears that leave to intervene should be granted to any person "who has an interest in the matter in litigation," without reference to whether or not the end contemplated by the proposed intervention could be as well, or even better, accomplished through other procedure.    Indeed, to one so interested, the statutory intervention provided for in said section seems to be a right expressly and unqualifiedly granted, and such is the construction which the supreme court of California has placed upon the section, as shown by the following extract:

"Besides, it does seem to us that the intervener has an interest in the matter in litigation; and the Code does not attempt to specify what or how great that interest shall be, in order to give a right to intervene.  Any interest is sufficient.  The fact that the intervener may or may not protect that interest in some other way is not material.  If he 'has an interest in the matter in litigation, or in the success of either of the parties,' he has a right to intervene." Coffey v. Greenfield, 55 Cal. 383.

The only remaining question, then, is whether or not the petitioner here has an interest in the subject-matter of the suit.    The very statement of this question, when we consider the powers and duties of a receiver of an insolvent national bank, would seem to be a sufficient answer in the affirmative.    However, since I have found, it will not be out of place to cite, one precedent directly in point, which was an action to recover the value of certain bonds left by the plaintiff with

a national bank on special deposit, or for "safe-keeping." The bank failed, and a receiver was appointed by the comptroller of the currency. Both the bank and receiver were made defendants, and the latter demurred, on the ground, among others, of a misjoinder of parties. The complaint alleged that the bonds were either in the bank at the time of its failure, or were fraudulently removed or embezzled by some officer or agent thereof, through the negligence of the bank. From the opinion of the court I extract the following:

"From this it is clear that the bank, after its failure, might properly deliver to plaintiff the bonds sued for; and, if they are still in its possession, the duty is devolved upon it to deliver the same. If the bonds have come to the possession of the receiver, it would be also very clearly his duty to deliver the same to plaintiff. If they had been converted into money by the bank, and the proceeds placed in its common funds, and in that way passed to the receiver, or, by the gross negligence of the bank, the bonds were lost, so as to render the bank liable to the plaintiff for their value, in either alternative of this latter proposition, it seems to us, the receiver is a proper party, as being the active agent or fiduciary, through whom, under the direction of the comptroller, the affairs of the bank are to be closed and settled. Under the peculiar and indefinite language of section 50 of the act aforesaid, it is a question of great doubt whether the receiver or comptroller is the proper party to proceedings for the adjudication of claims spoken of in said section. But since the receiver is upon the ground, and within the same jurisdiction as the bank whose assets, etc., he holds, gives bond and security for the faithful discharge of his duties, and is made the active agent for the protection of the bank and its creditors, we are, for these and other reasons, inclined to, and do, hold, that the receiver is a proper party in proceedings for the adjudication of claims against the bank. Under our Revision (section 2761), any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved in the action. As we have just seen, the receiver is a proper party, as representing an interest adverse to the plaintiff; and since the bank might rightfully, and had the legal duty to, deliver the bonds to plaintiff if it still held them, the bank is a necessary party to the complete determination of the question involved. We conclude, therefore, even if the question of misjoinder could be made by demurrer, that there was no error in overruling it on this ground." Turner v. Bank, 26 Iowa, 562, 1 Thomp. Nat. Bank Cas. 454.

It will be observed that section 387 of the California Code of Civil Procedure, hereinbefore quoted, provides that to a complaint in intervention an answer or demurrer may be filed, as if the same were an original complaint. The order, therefore, which I shall now direct, is, of course, without prejudice to any objections that may hereafter be made to the sufficiency of the pleadings filed under said order. The petition for leave to intervene will be allowed.