BRINCKERHOFF v. HOLLAND TRUST CO. et al.

(Circuit Court, S. D. New York. April 18, 1906.)

EQUITY—PARTIES—INTERVENTION.

Where a petitioner for leave to intervene alleges rights in the subject-matter of the suit which make him a proper party, and his intervention will not prejudice the rights of other parties, but rather tend to facilitate the final determination of the rights of all of the parties, his petition will be granted, and the court will not undertake on such preliminary application to decide questions of right which may be doubtful.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 275–279.]

On Petition for Leave to Intervene.

Geo. H. Yeomans and Arthur H. Masten, for the motion.
L. Laflin Kellogg and Duncan & Duncan, opposed.

COXE, Circuit Judge. The petitioner, R. B. Roosevelt moves to intervene in this action and asks permission to file his petition as a cross-bill. Upon the argument, and in the briefs subsequently submitted, the discussion has taken an exceedingly wide range including many of the questions which must be determined at the trial of the suit. It is unnecessary to decide these questions upon this motion and it might be prejudicial to the rights of the parties to do so. The

petitioner asks simply that he may be permitted to submit his contentions to the court and I do not see how the interests of the other parties will be jeoparded by allowing him to do so. That he is a necessary party is not apparent but that he is a proper party is sufficiently clear. With the petitioner on the record all the interested parties are before the court and a decree can be entered determinative of the entire controversy. It is for the interest of all concerned that the questions still in dispute between the parties shall be decided in the pending suit: to commence a new suit will only protract litigation and increase expense.

It is undoubtedly true as a general proposition that there can be no contribution between joint tort feasors, but this is a question which should be determined on pleadings and proofs and not upon a motion of this character. The petitioner asks to be subrogated to the rights of the complainant: this also is a question which should not be decided in limine, but is for the trial court to determine. So far as this motion is concerned, the question is a simple one. If the petitioner has any rights in the premises they should be determined in the pending litigation and I am of the opinion that the court should not decide at this stage that he has no such rights.

The motion is granted.