RUMFORD CHEMICAL WORKS v. EGG BAKING POWDER CO.

(Circuit Court, S. D. New York. June 13, 1906.)

PATENTS—SUIT FOR INFRINGEMENT—DISTRICT OF SUIT.

In a suit for infringement of a patent brought in the Southern District of New York against a corporation of another state having a regular place of business in New York City, infringement within the district of suit required to sustain the suit, under Act March 3, 1897, c. 395, 29 Stat. 695 [U. S. Comp. St. 1901, p. 589], is not made out by proof that an infringing article sold in another state bore a label with the name of defendant and the words "New York" thereon, in the absence of evidence that defendant made, used, or sold the article, or attached the label, or was engaged in the manufacture of similar articles in New York.

In Equity.

Philip Mauro and C. A. L. Massie, for complainant.
Walter S. Logan, for defendant.

HAZEL, District Judge. This is an action for infringement of letters patent No. 474,811, for a baking preparation, granted May 17, 1892, to the complainant, assignee of the inventor. The defendant offered no evidence, but contends that the complainant has failed to prove the commission of the infringing acts within the jurisdiction of the court, as required by the act of March 3, 1897, c. 395, 29 Stat. 695 [U. S. Comp. St. 1901, p. 589]; also that infringement of the patent in suit by the product alleged to have been manufactured and sold by defendant is not established. The bill waives answer under oath, and, accordingly, the allegation denying infringement, though under oath, cannot be considered as evidence. Admittedly, the defendant, a West Virginia corporation, has a regular and established place of business

within the Southern District of New York, but the commission of the alleged infringing acts is denied. In Bowers v. Atlantic, G. & P. Co. (C. C.) 104 Fed. 887, Judge Coxe, considering the act of March 3, 1897, said:

"If a corporation be sued outside the district of which it is an inhabitant, then it must be in a district where there is infringement and a regular place of business. Infringement alone will not give jurisdiction, a regular place of business alone will not give jurisdiction, both must concur."

The alleged infringing article was purchased in the city of Philadelphia. The label on the can purporting to advertise the defendant's business has printed thereon the words, "Egg Baking Powder, * * * Manufactured by Egg Baking Powder Company, New York." The place of manufacture of said infringing article was not shown, nor was any evidence whatever given to establish the identity of its manufacturer, or to connect the defendant with the manufacture and sale thereof. Neither is it shown that the label belongs to the defendant, or is authoritatively used. Considering the testimony in the most favorable aspect to the complainant, I do not think infringement of the patent in suit has been sufficiently proved. There are so many logical and persuasive inferences to be drawn from the evidence to negative infringement in the Southern District of New York that I am reluctant to reject them. The evidence of infringement in the Southern District of New York is extremely slight, and seems not to come within the limits of probability with sufficient clearness to require the defendant's denial on that point. The facts established in the case of Hutter v. De Q. Bottle Stopper Co., 128 Fed. 283, 62 C. C. A. 652, were much stronger. The contention of the complainant is based entirely upon suspicion and conjectural inferences drawn from the printed label on the can containing the baking powder. But this is not sufficient, especially when it is borne in mind that the allegation of infringement charges a tort, which must be satisfactorily proved. King v. Anderson (C. C.) 90 Fed. 500; Edison Electric Light Co. v. Kaelber (C. C.) 76 Fed. 804; Slessinger v. Buckingham (C. C.) 17 Fed. 454. In the absence of evidence indicating that the defendant made, used, or sold the infringing article, or attached the label to the can containing the baking powder, or was engaged in its manufacture in the Southern District of New York, I am not inclined to adopt the complainant's view that a prima facie case of infringement has been established.

The point discussed was not waived by the defendant, and, therefore, without considering the question whether the contents of the exhibit can in evidence is an infringement of complainant's preparation, the bill must be dismissed, with costs.