UNITED STATES EXPANSION BOLT CO. v. H. G. KRONCKE HARDWARE CO.

(District Court, W. D. Wisconsin. August 5, 1914.)

No. 18—E.

1. PATENTS (§ 290*)—SUIT FOR INFRINGEMENT—PARTIES.

A manufacturer of an alleged infringing device, who assumes the defense of a suit for infringement against a customer, is a substantial party to the suit and is entitled on application therefor to be made a formal defendant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 470–472; Dec. Dig. § 290.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. PATENTS (§ 310*)—SUITS FOR INFRINGEMENT—COUNTERCLAIMS.**

Act March 3, 1897, c. 395, 29 Stat. 695 (U. S. Comp. St. 1901, p. 589), providing that in infringement suits District Courts shall have jurisdiction in the district of which the defendant is an inhabitant or in which he shall have committed acts of infringement and have a regular and established place of business, does not relate primarily to the jurisdiction of the federal courts, but is rather a provision affecting the place of suit, enacted for the benefit of the defendant, and confers a privilege which he may waive, and a complainant which has brought a suit for infringement in the district of the defendant's residence subjects itself therein to any counterclaim or set-off which the defendant is given the right to plead by new Equity Rule 30 (201 Fed. v, 118 C. C. A. v).

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

**3. PATENTS (§ 310*)—SUITS FOR INFRINGEMENT—COUNTERCLAIMS.**

Under new Equity Rule 30 (201 Fed. v, 118 C. C. A. v), which provides that the answer must state any counterclaim arising out of the transaction which is the subject-matter of the suit and may set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, in a suit for infringement of a patent, defendant may set up a cause of action for infringement of other patents relating to the same subject-matter or for unfair competition involving the rights of the respective parties under their patents.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

In Equity. Suit by United States Expansion Bolt Company against the H. G. Kroncke Hardware Company. On motion by the Diamond Expansion Bolt Company to be made a party defendant and by complainant to strike out counterclaims and interrogatories. First motion granted, and complainant's motion denied.

Banning & Banning, of Chicago, Ill., for complainant.
Alan M. Johnson, of New York City, for defendant.

SANBORN, District Judge. [1] This is an infringement suit on patent No. 623,809, dated April 25, 1899, upon an expansion bolt. Defendant is a local hardware dealer, and purchased the alleged infringing bolts from the Diamond Expansion Bolt Company of New York, which has assumed defense of the suit with the acquiescence of the plaintiff. When the suit was begun, plaintiff's attorneys wrote a letter to the Diamond Company, inclosing a copy of the bill of complaint, and saying they presumed the latter company would undertake the defense of the suit. Accordingly, it is so defending, and signs the answer along with the Kroncke Company. The Diamond Company is thus a substantial party under the rule of this circuit, as held in General Electric Co. v. Morgan, 168 Fed. 52, 93 C. C. A. 474, and of the Sixth circuit in Foote v. Parsons Non-Skid Co., 196 Fed. 951, 118 C. C. A. 105, and is entitled to be made a formal party as well. It has applied to be made a party, and the application is granted.

[2] Other features of the motions now made present more difficulty. Complainant has applied for an order striking out three counterclaims pleaded by defendants, one for unfair competition, the others for in-

fringement of two patents covering expansion bolts similar to those covered by plaintiff's earlier patent.

From examination of the pleadings it appears that plaintiff claims under the McCreery patent of April 25, 1899, and the defendants under the Cook patent of November 5, 1901, No. 685,820, and the Pleister patent of October 25, 1910, No. 973,559. Defendant Diamond Company charges infringement of these patents by plaintiff, also unfair competition by plaintiff in making and illustrating its articles so as to look like those of the Diamond Company, with the purpose of deceiving the public and injuring defendants.

It appears further that both plaintiff and the Diamond Company are corporations organized and existing under the laws of New York, and that three patent suits are pending in the Southern district of New York, involving the Cook and Pleister patents, in which the plaintiff in this suit is the defendant. These suits cannot be heard before some time in the winter of 1914–15 or spring of 1915. The Diamond Company has also brought a suit for unfair competition in the Supreme Court of the state of New York against the plaintiff in this suit; the latter suit being still pending and undetermined.

The defendants in this suit have also filed seven interrogatories, the first of which has been answered, and the plaintiff moves to strike out all the others. These interrogatories inquire whether the plaintiff has sold in the Southern district of New York or in the Western district of Wisconsin any shields or anchors advertised by it as two part malleable lag shields, one piece lead anchors, or improved screw anchors, and, if so, how many. Plaintiff has moved to strike out the three counterclaims and the six interrogatories above referred to.

Plaintiff makes its objection to the counterclaims and interrogatories referred to on the ground that it has brought a patent suit in this district, which it is entitled to have there determined without bringing in matters properly determinable in the Southern district of New York. Jurisdiction in this suit being based upon the act of 1897, providing that District Courts shall have jurisdiction in the district of which the defendant is an inhabitant, or in any district in which the defendant has committed acts of infringement and has a regular and established place of business, plaintiff argues that this court can have no jurisdiction of the two patent suits sought to be brought here by the Diamond Company through its counterclaims, or of the suit for unfair competition covered by the other counterclaim. The Diamond Company relies upon the second paragraph of Equity Rule 30 (201 Fed. v, 118 C. C. A. v), which reads as follows:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

As I understand it, the act of 1897 does not relate primarily to the jurisdiction of the federal court, but is rather a provision affecting the place of the suit or venue. The District Court is given jurisdiction of

suits for the infringement of patents, and the act of 1897 has for its object the fixing of the proper place of suit. This statute was passed for the benefit and convenience of defendants in patent suits, and confers the privilege upon them to have the suit tried either in the district of their residence, or where they may have committed acts of infringement and have an established place of business. Not relating strictly to jurisdiction, but rather to the place of suit, this privilege is subject to waiver. The act of 1897 has not had a uniform interpretation by the federal courts. Several of the Circuit Courts held that the act of 1897 relates to jurisdiction, and that the suit must be brought in one of the districts referred to in the act. Bowers v. Atlantic, etc., Co. (C. C.) 104 Fed. 887 ; Streat v. American Rubber Co. (C. C.) 115 Fed. 634 ; Westinghouse Elec. & Mfg. Co. v. Stanley, etc., Co. (C. C.) 116 Fed. 641, approved by Judge Ray in Underwood, etc., Co. v. Fox, etc., Co. (C. C.) 158 Fed. 476, where there was no question of waiver ; Rumford, etc., Works v. Egg, etc., Co. (C. C.) 145 Fed. 953 ; Feder v. A. B. Fiedler (C. C.) 116 Fed. 378.

The contrary rule was held by some other courts. U. S. Consol. Seeded Raisin Co. v. Phœnix Raisin S. & P. Co. (C. C.) 124 Fed. 234. See, also, Thompson-Houston Electric Co. v. Electrose Mfg. Co. (C. C.) 155 Fed. 543, and Cheatham Electric Switching Device Co. v. Transit Development Co. (C. C.) 191 Fed. 727.

There was a like conflict of authority in the Circuit Courts in regard to the national bank venue statute, providing that suits against the bank might be had within the district where it was located. It was, however, held by the Supreme Court that this provision was for the convenience of the bank, and if it saw fit to waive the privilege there was no reason why it should not do so. First National Bank v. Morgan, 132 U. S. 141, 10 Sup. Ct. 37, 33 L. Ed. 282. Moreover, it seems that the purpose of the act of 1897 and section 51 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 150]), providing that no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, is the same. Uniform construction of this general provision has been that it does not relate to the jurisdiction, but creates a privilege of the defendant to be sued where he resides, and one which he may waive. In re Moore, 209 U. S. 491, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164.

[3] Plaintiff having brought a suit in this district thereby subjected itself to any counterclaim or set-off which is fairly within the Equity Rule above quoted. The counterclaims pleaded in the answer grow out of the very same transactions and matters covered by the original bill. The three patents referred to in the answer upon expansion bolts are all along the same line, and the question of unfair competition is intimately connected with the rights of the respective parties under these patents. These matters ought to be all disposed of in one suit, as they relate to questions very closely connected together. It is probable that a decision may be reached in this district long before it could be had in the Southern district of New York or in the Supreme Court of the state of New York, where the unfair competition suit is pending. It seems

to me that the ends of justice will be promoted by allowing these interrogatories and counterclaims to stand, and have the whole matter in the suit between these parties decided at an early date.

The motion of the defendant to intervene is allowed, and the motions of the plaintiff to strike out portions of the answer and six interrogatories are denied.

I do not think it is necessary to consider the rulings of the District Court upon Rule 30 (201 Fed. v, 118 C. C. A. v) which are cited in the briefs. The ruling of Judge Chatfield in Marconi Wireless v. National Electric Signaling Co. (D. C.) 206 Fed. 295, I think should be approved.