THE MANHATTAN SHIRT COMPANY, a corporation of the State of New York,

*vs.*

SARNOFF-IRVING HAT STORES, INC., a corporation of the State of New York and MORRIS MINTZ.

*New Castle, Dec. 16, 1931.*

*William G. Mahaffy,* and *Edward S. Rogers,* of New York City, for complainant.

*Hugh M. Morris,* for intervenor.

THE CHANCELLOR: The bill in this cause is by a manufacturer against a retailer of goods of the intervenor's make bearing an unregistered trade-mark which the complainant alleges is a mark recognized by the public as indicating goods whose manufacturing origin is with it. The intervenor alleges on the contrary that the mark on the kinds of articles in question is a mark which identifies it and not the complainant as the source of origin.

The intervenor has been allowed without opposition to file an answer in resistance to the complainant's case against the retailer defendant. It seeks by filing a cross-bill to broaden the scope of the suit so as to bring before the court, in addition to the purely defensive rights of the retailer, the whole subject-matter of the relative rights of the complainant and intervenor in the use of the mark "Manhattan." It seeks an injunction against the complainant's using the mark further than the agreement between them allows and an accounting and damages for past infringement of the intervenor's rights. The injunctive phase of the intervenor's cross-bill seeks in an indirect way the specific performance of the contract by which the intervenor and complainant, joint users of the mark, undertook to parcel out to each other the field of its enjoyment.

It is plain that the original defendant could seek no such relief as the cross-bill contemplates, for a retailer of trade-marked goods who is charged with violating the rights of the true owner of the mark, cannot possibly be interested in establishing against the alleged owner his vendor's general right to the use of the mark, or in securing for his vendor the specific performance of an agreement between his vendor and the complaining rival touching their respective rights to the mark's use. The utmost extent of the use which the retailer can make of his vendor's rights, is to show solely by way of defense to the rival's suit against him, that his vendor had such a right to use the mark as would immunize him in retailing the articles so marked.

Inasmuch then as the defendant could not institute such a cross cause against the complainant as the proposed cross-bill sets up, the question arises of whether the defendant's vendor who was not joined as a defendant may be allowed by way of intervention to interject himself into the cause as a defendant for the purpose of inaugurating such a cross suit against the complainant.

The answer to this question is in the negative. It follows as a corollary from the fundamental principle applicable to all interventions, namely, that when allowed, they must be confined in their operation to a position of subordination to the original cause.

A particular application of the principle which controls in this sort of case is to be found exemplified in cases dealing with patent controversies. Where an infringement suit is brought by the alleged owner of a patent against a retailer of an article, the retailer's vendor who claims rights as a rival patentee, while permitted to intervene in defense of his vendee's right, will not be allowed to intervene for the purpose of filing a cross-bill which seeks by way of affirmative relief an adjudication of the general right to the patent as between the intervening defendant and the complainant. It was so held in *Curran v. St. Charles Car Co.*,

(*C. C.*) 32 *F.* 835; *Leaver, et al., v. K. & L. Box Co.,* (*D. C.*) 6 *F.* (2d) 666; *Atlas Underwear Co. v. Cooper Underwear Co.,* (*D. C.*) 210 *F.* 347; *Angier v. Anaconda Wire & Cable Co.,* (*D. C.*) 48 *F.* (2d) 612. See, also, the discussion in *Allington v. Shevlin-Hixon Co.,* (*D. C.*) 2 *F.* (2d) 747.

The intervenor seeks to distinguish these cases on the ground that while as here the intervenor in those cases was the manufacturer of the goods sold by the defendant, yet in those cases the controversy proposed to be litigated between the intervenor and the complainant involved rights under a patent, while here the proposed controversy concerns trade-mark rights which are dependent for their determination upon the interpretation of a contract between the parties. The distinction is one in circumstance only. It is not one in principle. The right to intervene and file a cross-bill to protect the exclusive enjoyment of a trademark under a contract can rest on no better ground than a right by similar means to protect the exclusive enjoyment of a patent under the letters of its grant. Upon the present point, nothing in the way of divergence in principle can be predicated on the arising of the rights of the intervenor out of a contract dealing with a trade-mark in the one case and out of a patent in the other. The difference, as far as principle is concerned, is an immaterial one of fact.

The intervenor has cited *U. S. Expansion Bolt Co. v. Kroncke Hardware Co.,* (*D. C.*) 216 *F.* 186, taken to the Circuit Court of Appeals and there reported in 234 *F.* 868, in support of its position. That case, however, is distinguishable from the other Federal cases hereinbefore cited and relied upon, not upon the ground suggested by the solicitors for the complainant at the argument, but upon the ground that in view of the invitation to the intervenor to defend the suit and the joining by it, though not a party, in the answer, the intervenor was said to have been "a substantial party under the rule of this circuit." (216 *F.* 186, 187). The intervenor was thus in the position of a party defendant, though not actually named as such. Of course

a party defendant has a broader right to assert a claim to cross relief than has an intervenor. The case of *U. S. Expansion Bolt Co. v. Kroncke Hardware Co., supra,* is therefore quite distinguishable from the one *sub judice* and from the cases first herein cited. The case of *Hewes & Potter, Inc., v. Meyerson,* (D. C.) 36 *F.* (2d) 1001, cited by the intervenor, is of no assistance, for all that was ruled on in that case was that the defendant's vendor whose patent was involved in the infringement suit might intervene for the purpose of protecting its licensee. Whether the intervenor would be permitted, when admitted as a defendant, to file a bill for cross relief against the complainant, the court expressly declined to say. The solicitor for the intervenor also cited the case of *Brinckerhoff v. Holland Trust Co.,* (C. C.) 146 *F.* 203; *Id.* (C. C.) 159 *F.* 191, in support of its right to intervene. That case, however, is of no pertinency to the instant one. It appears to be a case where intervention was allowed for the purpose of permitting an agent to seek to be subrogated to the rights of his principal against the defendant, where the agent had been compelled to reimburse the principal for loss in a transaction which the suit was concerned with, and in which the defendant was charged as the party primarily responsible. Manifestly the case does not bear upon the principle here involved.

An order will be entered denying leave to file the proposed cross-bill.