## UNITED STATES v. SAFE DEPOSIT CO. OF NEW YORK et al.

District Court, S. D. New York.
Sept. 2, 1936.

Lamar Hardy, U. S. Atty., of New York City (Leon E. Spencer and Richard Delafield, both of New York City, of counsel), for the United States.

Bondy & Schloss, of New York City, for petitioner.

LEIBELL, District Judge.

By this motion Marian M. Cassidy, formerly Marian M. Phillips, claiming an interest in the subject-matter of this litigation (a gold dinner service) asks permission to assert her rights thereto by intervention (Equity Rule 37, 28 U.S.C.A. following section 723).

In her proposed answer (bill of intervention) she alleges: "4. That the gold dinner service mentioned and referred to in the complaint in this action and more particularly described in Exhibit A attached to said complaint is the sole and separate property of said Marian M. Cassidy and that neither the complainant nor any of the defendants above named, nor any person other than the said Marian M. Cassidy, has any right, title or interest therein or thereto, except that the defendant Safe Deposit Company of New York has or may have a lien thereupon for unpaid rent of the safe in which said articles are contained."

According to the bill of complaint, verified March 19, 1934, the United States of America filed a notice of lien on March 23, 1928, for certain unpaid income taxes in excess of $1,000,000, for the years 1923 to 1926, alleged to be due from one John M. Phillips, since deceased. The lien was asserted against a gold dinner service which complainant contends was the property of John M. Phillips, but which was stored in safe No. 6-102, standing in the name of Francis Phillips (a son of John M. Phillips) in the vaults of the Safe Deposit Company of New York. The value of the gold service is stated to be approximately $100,-000.

The petitioner was the widow of John M. Phillips and the mother of Francis Phillips, deceased, and of Helen Phillips Haran.

John M. Phillips died July 3, 1928, and the Bank of Rockville Center Trust Company was named administrator c. t. a. The estate of John M. Phillips in its amended answer prays that the gold service be adjudged to be the property of said estate and that the plaintiff and the other defendants be adjudged to have no right or title thereto.

Francis Phillips, the son of John M. Phillips, is also dead, and his estate in its answer asks for a decree that the gold service be adjudged to be the property of the estate of Francis Phillips and that the plaintiff and the other defendants be adjudged to have no right or title thereto.

The Safe Deposit Company of New York in its answer alleges that on May 25, 1927, Francis Phillips hired from the Safe Deposit Company of New York a safe deposit box, No. 6-102, and agreed to pay $500 a year as the rental thereof; that access to the box "could be had only by the said Francis Phillips or his sister Helen Phillips or by the deputy of the said Francis Phillips." The answer further alleges that the estate of Francis Phillips claims the property in the safe deposit box and, on information and belief, "that the co-defendant, Helen Phillips Haran, claims that she is the aforementioned sister of the said Francis Phillips and is the donee and rightful owner of the contents of said safe deposit box." The answer of the Safe Deposit Company further prays for a decree that it have a lien upon the contents of the safe deposit box for all rent accrued or which may accrue at the rate of $500 a year from the 25th day of May, 1929, and that in the event that the contents of the box be sold by order of the court, that out of the proceeds of the sale the Safe Deposit Company be paid the amount of its lien for rent as aforesaid.

In her petition for leave to intervene Marian M. Cassidy asserts that she is the sole owner of the gold dinner service and that: "3. The said gold service was given to petitioner in or about the year 1927 by certain sewer contractors in and about the city of New York. The design and pattern of the dinner service was selected by

petitioner and when the dinner service was ready for delivery it was delivered to your petitioner who caused it to be placed in a vault of the Safe Deposit Company of New York at 149 Broadway, Borough of Manhattan, New York City, which vault was taken out in the name of petitioner's son, Francis Phillips. Ever since that time the said dinner service has been and now is in the said vault and petitioner has never parted with title thereto."

In her petition she further states that she "does not desire the said gold service to be sold but desires to obtain and keep possession of it." The complaint, the answer of the estate of John M. Phillips and the answer of the estate of Francis Phillips all ask that the gold dinner service be sold.

Petitioner asks permission to intervene under the last paragraph of Equity Rule 37 (28 U.S.C.A. following section 723) reading as follows: "Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

The motion to intervene is opposed only by the complainant. The basis of the opposition is that the petitioner, Marian M. Cassidy, is not a proper party; that she has no interest which would be affected by the decree; that she has an adequate remedy at law, and, further, that the petition should be denied on the ground of laches.

■ In the case of Donovan v. Campion (C.C.A.) 85 F. 71, Judge Sanborn pointed out the difference between necessary and proper parties to a suit in equity in the federal courts. In my opinion the petitioner is at least a proper party under that decision.

Her intervention herein appears to be supported also by the opinion of Judge Thayer in Minot v. Mastin (C.C.A.) 95 F. 734, 739.

■ Whether or not the petitioner has an adequate remedy at law. is not controlling on her right to intervene.

In Rhinehart v. Victor Talking Mach. Co. (D.C.) 261 F. 646, 651, Judge Haight disposed of a similar objection to intervention as follows: "5. The contention that the intervener should not be permitted to intervene, because he has an adequate remedy at law against the plaintiff, is without merit. If he has such a remedy, he is not, I think, necessarily confined to it, in a case

such as this. Wylie v. Coxe, 15 How. 415, 419, 14 L.Ed. 753; Haines v. Buckeye Wheel Co., 224 F. 289, 297, 139 C.C.A. 525; Bowen v. Needles National Bank (C.C.) 76 F. 176. See, also, cases cited in 14 Stand.Encyc.Proced. p. 312, 313. Under the Supreme Court rules the right to intervene seems absolute, subject only to the discretion of the court to which the application is addressed."

■ On the question of laches, the following facts and dates are pertinent: The government's lien was filed in 1928; the bill of complaint, in March, 1934; the answers of the estate of John M. Phillips and the Safe Deposit Company, in April, 1934; and the answer of the estate of Francis Phillips, in March, 1935. The defendant Helen Phillips Haran has defaulted. In March of 1936, an order was entered marking the case off the calendar. The gold service has continued in the possession of one of the defendants, Safe Deposit Company of New York, since the date the notice of lien was served by the government. There has been no change in the relationship of the parties since the commencement of the action. I do not see how the parties to this action have in any way been damaged by petitioner's delay in seeking to intervene.

On the question of laches, Judge Haight wrote in Rhinehart v. Victor Talking Mach. Co., supra: "If, however, the defendant has changed his position by reason of the prior nonassertion of the intervener's rights, a different question is presented. But on the face of the papers, as they stand at present, there is nothing to show that the intervener's delay has injured the defendant, or that the defendant is in a position to invoke the doctrine of laches." 261 F. 646, at page 651.

Petitioner's proposed answer alleges under oath that she is the sole owner of the gold dinner service. Although some may naturally ask why she did not assert her claim sooner, the court will not attempt to pass upon the merits of her claim on a motion to intervene.

In Leary v. United States, 224 U.S. 567, 576, 32 S.Ct. 599, 600, 56 L.Ed. 889, Ann. Cas. 1913D, 1029, the right to intervene was granted the petitioner. Mr. Justice Holmes remarked: "On the whole matter it seems to us that she was dealt with too technically. She presents a case which, unless read with an adverse mind, is a good one on its face, and whatever misgivings

we may entertain, we are of opinion that she ought to be allowed to try to prove it."

Likewise, in Brinckerhoff v. Holland Trust Co. (C.C.1906) 146 F. 203, 204 Judge Coxe, Circuit Judge, said: "If the petitioner has any rights in the premises they should be determined in the pending litigation and I am of the opinion that the court should not decide at this stage that he has no such rights."

Petitioner's motion for permission to intervene is granted.

Submit order on notice.