## Case No. 4,062.

### DRAKE et al. v. GOODRIDGE et al.

[6 Blatchf. 151.] [1]

Circuit Court, S. D. New York. June 2, 1868.

EQUITY—PARTIES—JURISDICTION—APPLICATIONS TO BE MADE PARTIES.

1. Where, in a suit in equity, brought by alien plaintiffs against citizens of New York, a person, not stated to be a citizen of New York, applied to be made a party to the suit: *Held*, that he could not be made a defendant, because that would oust the jurisdiction of the court.

2. The act of February 28, 1839 (5 Stat. 321), explained.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

3. No such practice is known, in equity, as making a person a defendant to a suit, on his own application, or as compelling a plaintiff to join, as co-plaintiff, a person not a party, on the application of such person.

[Cited in Chester v. Life Ass'n of America, 4 Fed. 492.]

In equity. This was a petition by two persons, Morgan and Gooch, to be made parties to the suit, which was a bill filed by aliens against citizens of the state of New York. The application was opposed by the plaintiffs [James Drake and others].

Charles Tracy, for Morgan and Gooch.
Edwin W. Stoughton and Clarence A. Seward, for plaintiffs.

BLATCHFORD, District Judge. As the plaintiffs are stated in the bill to be aliens, and Morgan and Gooch are not stated to be citizens of the state of New York, to make Morgan and Gooch defendants to the suit, would oust the jurisdiction of the court. Consent cannot confer jurisdiction. The act of February 28, 1839 (5 Stat. 321), applies only to a voluntary appearance by a person who is, in fact, made a defendant by the plaintiff's bill. Here, Morgan and Gooch are not made defendants by the bill, and cannot be made so, without ousting the jurisdiction of the court. The act of 1839 does not apply to a case where persons are not made defendants because their citizenship is such that their joinder would defeat the jurisdiction of the court, but it only removes a difficulty as to jurisdiction between competent parties. Shields v. Barrow, 17 How. [58 U. S.] 130, 141. The prayer of the petition of Morgan and Gooch is, that they may be made parties to the suit, and may have leave to file a supplemental bill of complaint. Independently of the difficulty as to jurisdiction, in case Morgan and Gooch were made defendants, it would not be proper to make them defendants on their application. No such practice in equity is known. I had occasion to examine this question recently, in the case of Coleman v. Martin [Case No. 2,985], in this court. But Morgan and Gooch ask, in case they cannot be made defendants, to be made co-plaintiffs. I know of no practice which would authorize the court, on the application of persons not parties to a suit, to compel the plaintiffs to join such persons as co-plaintiffs.

As the bill now stands, the rights of Morgan and Gooch, if they have any, cannot be prejudiced or affected by any decree which may be made in the suit; and they are at liberty to institute a suit of their own, in the proper forum, to enforce their rights. Of course, in deciding upon this application, I do not intend to dispose of any objection which may be properly taken, for want of proper parties, by any person whom the plaintiffs have made a defendant to the suit. The prayer of the petition is denied.