CURRAN and others *v.* ST. CHARLES CAR Co.

*(Circuit Court, E. D. Missouri, E. D.* November 15, 1887.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PARTIES—JURISDICTION.
    In an action for an infringement of a patent, a third party asked to be made a party defendant, alleging that it was the manufacturer of the machines which were claimed to be an infringement of plaintiffs' patent; that defendant was its vendee; that it desired to settle the question as to whether or not the machines were an infringement of plaintiffs' patent. Both the complainant and the third party were non-residents. *Held,* that such third party might be made a party defendant, and the court would have jurisdiction to enter a decree as to the question of infringement that would be binding on all parties.

2. SAME—INFRINGEMENT—PARTIES—CROSS-BILL.
    In an action for an infringement of a patent, a third party asked to be made a defendant and be allowed to file a cross-bill, alleging that plaintiffs had sent out circulars to persons who had bought machines of such third party, claiming that the machines were an infringement on plaintiffs' patent, and threatening to sue all who bought or used machines of such third party's manufacture. The cross-bill asked an injunction against plaintiffs to restrain them from so doing until the final decree in the case. The original defendant, being a vendee of only one machine, could not maintain such a cross-bill. *Held,* that a third party cannot be allowed to become a defendant and then file a cross-bill that could not have been maintained by the original defendant.

John J. Curran and others, citizens of Illinois, filed a bill against the St. Charles Car Company, a Missouri corporation, to restrain an alleged infringement of letters patent. Subsequently, the Boston Blower Company, a Massachusetts corporation, filed an application to be made a party defendant in said cause to defend against the alleged infringement. The Boston Blower Company was engaged in the manufacture of the alleged infringing apparatus, and the St. Charles Car Company had purchased and were using one of said machines. Other facts sufficiently appear in the opinion.

*Krum & Jonas*, for complainants.

*Wells W. Leggett*, for respondents.

THAYER, J., (*orally.*)   In the case of John J. Curran and others against the St. Charles Car Company, I have looked into the application made by the Boston Blower Company to be made a party defendant to that suit.   The application of the Boston Blower Company is based upon the ground that the apparatus for drying lumber, which is now being used by the St. Charles Car Company, and which is claimed to be an infringement of the complainants' patent, was purchased of it by the St. Charles Car Company, and that it is under obligations to the St. Charles Car Company to protect that company against all suits for infringement. For that reason it desires leave to be made a party defendant, as it is engaged in the manufacture of such apparatus, in order that there may be a full hearing and determination of the question as to whether its apparatus is an infringement of the claims of any of the patents owned by the complainants.

Under the circumstances it seems to me that it is a reasonable request, and that the Boston Blower Company should be allowed to come in and defend this action, if the court, by permitting it to come in and defend, will acquire such jurisdiction of the parties that the final decree entered in the case will be binding upon the complainants, and also upon the Boston Blower Company.   I was disposed to think yesterday morning when the application was made, that it was doubtful, in the event the Boston Blower Company was made a party, whether the final decree in the case would be binding as between it and the complainants, in view of the fact that both are non-residents; but, upon further reflection, as jurisdiction in this class of cases depends upon the subject-matter, and not upon the citizenship of the parties, I am of the opinion that the Boston Blower Company, by coming in and asking to be made a defendant, would thereby submit itself to the jurisdiction of the court in such manner that any decree this court might make on the question of infringement would be binding upon the complainants and upon all of the defendants. Therefore I shall permit the Boston Blower Company to be made a party defendant for the purpose of defending their vendee against the suit of these complainants.

In connection with the application, however, the Boston Blower Company has presented a cross-bill against the complainants, and asked leave to file it.   The cross-bill alleges in substance that the complainants, Cur-

ran & Co., have sent out circulars to various persons throughout the country who have bought the apparatus now being manufactured by the Boston Blower Company, wherein they charge that the apparatus manufactured by the Blower Company is an infringement of their patents, and whereby they threaten to bring suits against all persons who buy or use such apparatus.    The cross-bill further charges that such action of the complainants very seriously interferes with its business as a manufacturer; and the relief prayed for is that the court will award an injunction against the complainants restraining them from sending out such circulars or making such threats, and also restraining them from bringing suits against any licensees or vendees of the Boston Blower Company, pending the suit, in this jurisdiction.

With respect to petitioner's cross-bill I will say that I have serious doubts whether it states any grounds entitling it to equitable relief, in view of the fact that it does not appear that there has yet been a single adjudication upon the question whether the Boston Blower Company's apparatus is or is not an infringement of the complainant's patents.    Ordinarily a patentee may sue any one who, in his opinion, is guilty of an infringement.    I do not find that a cross-petition of this character has been entertained except in the case of *Ide* v. *Engine Co.*, reported in 31 Fed. Rep. 901.    In that case, a cross-bill, or motion in the nature of a cross-bill, of the kind involved in this case, was filed, and an interlocutory injunction was awarded against the complainant, but it was filed by one of the original defendants to the bill, that is, by one of the persons whom the complainant had elected at the outset of the litigation to make a defendant to the bill.

In this case it will be observed that the corporation originally made a defendant could not maintain a cross-bill of this nature, because it is merely a vendee of one machine and not entitled to the relief prayed for in the cross-bill.    In my judgment, waiving any decision of the question whether the cross-bill presents grounds for equitable relief, the court ought not to permit a third party to come in as a defendant, and then file a cross-bill which the original defendant could not maintain even if it desired to do so.    For that reason I shall deny the application of the Boston Blower Company for leave to file the cross-bill in question.    I will permit it, however, to come in and be made a party defendant, and to defend the claim that is preferred by Curran & Co. against the St. Charles Car Company.    To that extent I think their motion should be granted, and they will have leave to be made a party defendant for that purpose.