CHARLES H. EHRENSTROM,

*vs.*

GEORGE W. PHILLIPS.

*New Castle, April* 27, 1910.

In an action for specific performance of an agreement for the sale of land, complainant alleged that defendant entered into an agreement for the sale of the same property to C. and was about to convey the property to him. C. presented a petition in the cause, alleging that after making the alleged agreement with plaintiff, defendant entered into a written contract for the sale of the same land to C., and that C. had no knowledge of the prior agreement, and asked to be allowed to intervene. *Held*, that the petition should be denied as one cannot be made a party defendant on his own application against the objection of the complainant.

PETITION FOR LEAVE TO INTERVENE IN A SUIT FOR SPECIFIC PERFORMANCE. On April 13th, 1910, Charles H. Ehrenstrom filed a bill against George W. Phillips for the specific performance of an agreement for the sale of land, alleging, among other things, that the defendant entered into an ageeement for the sale of the same property to Daniel Cauffiel and was about to make a conveyance of the property to him. On April 19th, 1910, Daniel Cauffiel presented a petition in the cause alleging that after making the alleged agreement with Ehrenstrom, George W. Phillips, the defendant, on March 23d, 1910, entered into

a written contract for the sale of the same land to Daniel Cauffiel, and that Cauffiel had no notice or knowledge of the prior agreement, or of any negotiations concerning it. By his petition Cauffiel averred that he had a direct interest in the cause, and asked to be allowed to intervene and become a party defendant, with the right to defend the suit, submitting himself ready to comply with such orders and decrees as the Chancellor may make in the premises. The application was resisted by the solicitor for the complainant, and argument was heard on behalf of the petitioner and the complainant.

*William S. Hilles*, for the petitioner.

The proposition that all persons materially interested in the matter involved in a suit in equity must be made parties is elementary. *Farmers' Bank v. Polk*, 1 *Del. Ch.* 167; *Martin v. Purnell*, 4 *Del. Ch.* 249.

Under the maxim that equity regards and treats as done what ought to be done. throughout the whole scope of its effects upon equity jurisprudence, in equity an executory contract for the sale of lands operates to transfer the estate from the vendor and to vest it in the vendee, and the vendee is looked upon and treated as the owner of the land. 1 *Pom. Eq. Jur.* § 368; *Seton v. Slade*, 7 *Ves., Jr.*, 265; 6 *Pom. Eq. Jur.* § 838; 4 *Pom. Eq. Jur.* § 1406; *Fullerton v. McCurdy*, 4 *Lans.* (*N. Y.*) 132; *Potter v. Sanders*, 6 *Hare* 1.

Under the allegations of the bill, the complainant cannot proceed with this cause, without making Cauffiel a party defendant, having disclosed in his bill the fact that Cauffiel is a party in interest in the litigation; and where a person has an interest and is not made a party defendant, he has a right to intervene. 1 *Beach Mod. Eq. Pr.* § 571; 11 *Ency. Pl. & Pr.* 498-500; 20 *Ency. Pl. & Pr.* 413, 415, 416.

*Harry Emmons*, for the complainant, contended that Cauffiel was a stranger to the contract sought to be enforced by this proceeding, and that only the parties to a contract are necessary or proper parties to a bill for specific performance. 1 *Dan. Ch. Pl. & Pr.* 230; *Story's Eq. Pl.* §§ 227, 231.

THE CHANCELLOR: Whether Cauffiel is or is not a proper party defendant, I am quite clear he has no right to intervene upon his own petition to be admitted as a party defendant against the objection of the complainant. The rule seems to be quite clear that the complainant may select persons whom he will make defendants to his bill. If it appears that he has made improper parties, or has failed to make a party defendant a person who is a necessary party, the Court may, even on its own motion, or upon the application of the persons who are parties to the bill, decline to proceed further. In such cases the rule is to give the complainant an opportunity to amend and upon the failure or refusal of the complainant to make new parties, the court may dismiss the bill, but the court cannot make a party without action taken by the complainant.

There are two exceptions to the rule against intervention by persons as defendants without the consent of the complainant. One exception well established seems to be that of an intervention for the purpose of securing an interest in a fund which is being administered or distributed by the Court, and the other exception seems to be established in the case of *cestuis que trust* as a matter of indulgence. The case before me does not come under either of these exceptions. When a person, not a party to a pending suit, between whom and the complainant there is no privity, has an interest in the subject-matter of the suit, and desires for his own protection to present his own claim, to assert his independent rights, he must do so by formal bill containing proper allegations, and cannot be made a party defendant on his own application against the objection of the complainant. *Beach, Mod. Eq. Pr.* § 578; *Ex parte Printup*, 87 *Ala.* 148, 6 *South.* 418; *Renfro v. Goetter*, 78 *Ala.*311; *Stretch v. Stretch*, 2 *Tenn. Ch.* 140; *Drake v. Goodridge*, 6 *Blatchf.* 151, *Fed. Cas. No.* 4,062; *Coleman v. Martin*, 6 *Blatchf.* 119, *Fed. Cas. No.* 2,985; *Searles v. Railroad Co.*, 2 *Woods* 621, *Fed. Cas. No.* 12,586.

The objection of the non-joinder of Cauffiel as a co-defendant has not as yet been taken by the defendant, Phillips, and as the solicitor for the defendant did not participate in the argument of the petition for intervention, the position of

the defendant on this point is undisclosed. But it sufficiently appears from the allegations of the bill, as well as from the petition for intervention, that Cauffiel has an interest in the suit now pending. Whether or not he be a necessary party I have not concluded. I am clear, however, that he should have an opportunity to protect the rights which he claims to have as against the complainant and defendant, and for this purpose the time for hearing the rule for a preliminary injunction enjoining the defendant from conveying or incumbering the land will be continued. In this way jurisdiction of the cause and the parties thereto will be retained to enable full justice to be done to all persons in interest.

An order will be entered dismissing the petition for intervention and continuing the rule for a preliminary injunction.