## LEAVER et al. v. K. & L. BOX & LUMBER CO.

(District Court, N. D. California, Third Division. June 19, 1925.)

No. 1466.

1. Equity ⚖⟂114—Unless right is given by statute, intervention not allowed without complainant's consent.

Unless otherwise provided by statute, strangers to a suit may not be allowed to intervene therein and become parties without complainant's consent.

2. Courts ⚖⟂343—Intervener cannot litigate issues outside of those made by original pleadings.

An intervener, admitted under equity rule 37 (198 Fed. xxviii; 115 C. C. A. xxviii), cannot

litigate questions outside of the issues made by the original pleadings.

**3. Patents ⬦⟹290—Intervention to ask affirmative relief against complainant held not permissible.**

In a suit for infringement against a user, the manufacturer of the alleged infringing machine cannot be permitted to intervene for the purpose of setting up by counterclaim or cross-bill claims for affirmative relief against complainant, not germane to the issues made by the original pleadings, and not open to the defendant.

In Equity. Suit by James M. Leaver, Jr., and George D. Parker against the K. & L. Box & Lumber Company. On motion to permit the Eby Machinery Company to intervene. Motion granted, with limitations.

William K. White and Charles M. Fryer, both of San Francisco, Cal., for plaintiffs.

Carlos P Griffin, of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. This is a motion by the defendant and the Eby Machinery Company to permit the machinery company to intervene in the case as a third party defendant. The plaintiffs do not contest the right of the machinery company to intervene, but point out that on the face of the motion an intention is disclosed to file a counterclaim or cross-complaint, setting up matters not legally connected with the case made by the bill and unavailable to the defendant. They therefore urge that, if leave to intervene be granted, it should be duly limited. This presents the same question which was lately raised in the case of Leaver et al. v. Fox, in this court, where the same motion, made on exactly similar facts, was granted. Further consideration of the question and an examination of the authorities convinces me that the order there made was erroneous, and that, except in certain exceptional cases, of which this is not one, an intervening defendant may not avail himself of matters, either as a defense or as a basis for affirmative relief, not open to the original defendant of record.

[1] Intervention is a proceeding by which one not originally made a party to an action is permitted, on his own application, to appear therein and and join one of the original parties in maintaining his cause of action or defense. But, unless otherwise provided by statute, strangers to a suit may not be allowed to intervene therein and become parties without plaintiff's consent. 21 C. J. 343; Shepard v. New Jersey Consolidated Water & Light Co., 73 N. J. Eq. 578, 74 A. 140, 142, 143; Rhinehart v. Victor Talking Machine

Co. (D. C.) 261 F. 646, 648. As was said in Shepard v. New Jersey Consolidated Water & Light Company, supra: "There is no such thing known to equity practice as the admission of a stranger as a party to a pending suit, either as complainant or defendant, unless the complainant shall consent thereto, or there be a statute within the provisions of which he may bring his application."

[2] Equity rule 37 of the Supreme Court, of course, has the same effect as a statute. Rhinehart v. Victor Talking Machine Co., supra. But it in broad terms merely provides that "any one claiming an interest in the litigation may at any time be permitted to assert his right by intervention." And in equity rule 30 provision for counterclaims by a defendant is made, but without reference to the rights of interveners as such. It is apparent that, the right to become a party to the litigation being given, the range of activity of the newcomer in the prosecution or defense of the interest he is thus permitted to assert must necessarily be as extensive as, but no greater than, that allowed the original parties to the suit.

[3] The courts, state and federal, have always striven to maintain the integrity of the issues raised by the original pleadings, and to keep newly admitted parties within the scope of the original suit. 21 C. J. 343; Shepard v. New Jersey Consolidated Water & Light Co., supra. Here the vendee of a machine which is alleged to infringe plaintiffs' rights under certain patents has been sued, and the sole issue presented by such suit is plaintiffs' right to an exclusive use of the machine. The intervener, its manufacturer, seeks by counterclaim to litigate the question of its right to recover damages against the plaintiff, for interference with its business, threatening its customers, and advertising an intention to sue all purchasers of such machines from it. That these are causes of action not related to nor germane to the issues of the bill is self-evident.

As before stated, when a person, not a party to a pending suit, who is interested in its subject-matter, desires, for his own protection, to assert his independent rights and raise new issues, he must do so by an original bill, and not by way of cross-bill or counterclaim. Ehrenstrom v. Phillips, 9 Del. Ch. 74, 77 A. 80, 81; Renfro Bros. v. Goetter, Weil & Co., 78 Ala. 311, 314.

The application of equity rule 30 to intervening defendants was considered in the recent case of Allington v. Shevlin-Hixon Co., (D. C.) 2 F.(2d) 747, 749, where the court used this language: "To permit, over the

objection of the plaintiffs, a person to intervene not pro interesse suo only, but as a party defendant, * * * and then to permit such intervening party defendant to set up against the plaintiffs a counterclaim for affirmative relief that is not available to the original defendant, and to which the original defendant is not entitled, would be conferring upon such third person broad rights, indeed, with respect to the litigation, and might be extending the rights of such third person beyond the point intended by equity rules 30 and 37." The holding was that the intervener had not appeared in time; but the dictum quoted seems to me to be well founded. In Atlas Underwear Co. v. Cooper Underwear Co. (D. C.) 210 F. 347, 355, and Curran v. St. Charles Car Co. (C. C.) 32 F. 835, 837, similar results were reached.

The reasons for a rule limiting intervening defendants to such affirmative relief as is open to the defendant of record are particularly cogent in the case before us, where, if permitted, a stranger to the original proceeding will convert a simple action for infringement against a single vendee, into a suit for damages to the business of a manufacturer whose field of operations apparently is the whole United States, and whose interest here is only incidental.

The motion to intervene is granted, subject to the limitations herein announced.