### BRANDTJEN & KLUGE, Inc., v. JOSEPH FREEMAN, Inc., et al. *
### No. 219.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1935.

John F. Ryan, of New York City (Wallace R. Lane, of Chicago, Ill., and John F.

*Writ of certiorari granted Chandler & Price v.

Oberlin, of Cleveland, Ohio, of counsel), for appellant.

Dean S. Edmonds and John Hoxie, both of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff sued the Freeman Company as a user and infringer of its patent for improvements in the automatic feed and delivery of platen printing presses. The Chandler & Price Company, which had made the infringing press and sold it to the Freeman Company, intervened as defendant, having taken over the defence of the suit. Thereafter it filed a counterclaim, alleging that the plaintiff was infringing a patent owned by itself for improvements in the sheet transferring mechanism of printing presses. It is to be assumed that a single press may, and does, embody the features claimed in both patents as an invention. The plaintiff moved to dismiss the counterclaim upon the ground that an intervener may not under the thirtieth Equity Rule (28 USCA § 723) inject into the main suit a controversy between the plaintiff and himself, to which the original defendant is not a party. The judge so held and the intervener appealed.

If the plaintiff had sued the Chandler & Price Company originally, the thirtieth rule would have authorized the counterclaim. Leman v. Krentler-Arnold Co., 284 U. S. 448, 52 S. Ct. 238, 76 L. Ed. 389; General Electric Co. v. Marvel, etc., Co., 287 U. S. 430, 53 S. Ct. 202, 77 L. Ed. 408. The question remained open so long as it did because of a doubt whether the plaintiff by bringing suit in a forum prescribed in the defendant's interest, by such statutes for example as sections 48, 51, 52, 53 of the Judicial Code (28 USCA §§ 109, 112, 113, 114), surrendered his own corresponding privilege. In the end the defendant won for two reasons; he has himself a special interest in pressing the cross-suit in the same forum as the main suit; and it is fair to impose upon a plaintiff a surrender of his privilege to be sued elsewhere. The defendant's special interest, in addition to the general desirability of settling all disputes at one time, is that he so avoids the necessity of seeking the plaintiff away from his own "habitation" or place of business, where the main suit has of necessity been brought. On the other hand the plaintiff presumably knows what other

Brandtjen & Kluge, 55 S. Ct. 656, 79 L. Ed. —.

disputes are pending between him and the defendant, and by selecting him for attack, may be charged with the risk of meeting a reprisal. Neither of these considerations apply when a party intervenes as defendant. It may indeed happen that the forum is one in which the intervener could himself be sued, and is therefore one presumptively suited to his convenience, but that is a mere chance. Normally there is no reason why he should not go where the statutes require him to go. On the other hand the plaintiff has not chosen him as an antagonist; on the contrary he has intruded himself into the dispute. It is not fair to charge the plaintiff with notice of such cross-suits as may be so forced upon him; he cannot be said to have accepted their hazard when he sued the original defendants.

It is of course true that at times the intervener is practically forced into the suit, as much as though the plaintiff sought him out and served him. Conceivably it might be desirable to give the court discretion in such cases to treat the situation as though the plaintiff had joined him in invitum. But there is no warrant for such a treatment of the rule as it stands, and, although the reasons have not always been clear, those District Courts that have passed on the point, with one dubious exception, have uniformly dismissed such counterclaims. Curran v. St. Charles Car Co. (C. C.) 32 F. 835; Powell v. Leicester Mills (C. C.) 92 F. 115 (semble); Atlas Underwear Co. v. Cooper Underwear Co. (D. C.) 210 F. 347, 355; Allington v. Shevlin-Hixon Co. (D. C.) 2 F.(2d) 747, 749 (semble); Leaver v. K. & L. Box & Lumber Co. (D. C.) 6 F.(2d) 666; Borne Scrymser Co. v. Gaffney Mfg. Co. (D. C.) 5 F. Supp. 405 (semble), affirmed 68 F.(2d) 104 (C. C. A. 4). The exception is U. S. Expansion Bolt Co. v. H. G. Kroncke Hardware Co. (D. C.) 216 F. 186, affirmed 234 F. 868 (C. C. A. 7), where the actual decision was flatly contra. However, both courts were not there really concerned with the question now before us, but with how far a plaintiff ever abandons his privilege when he sues; a matter which the Supreme Court had not then settled. Mr. Lane has furnished us with copies of the brief on the appeal from which it does indeed appear that the argument depended in part upon the fact that the defendants were interveners, but it would be wholly gratuitous to impute to the Circuit Court of Appeals any intention to decide the point.

It is true that the language of the rule will bear the opposite construction; "defendant" is apt enough to include "intervening defendant." It is also true that the thirty-seventh rule (28 USCA § 723) does not stand in the way. A counterclaim "recognizes" the "propriety" of the bill; presupposes it indeed, since without the bill the intervener could acquire no jurisdiction over the plaintiff. Again a counterclaim is "subordinate" to the bill; both may go to decree regardless of each other. A patentee does not get from his patent the right to make, vend and use, but only the right to stop others. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U. S. 24, 34, 35, 43 S. Ct. 254, 67 L. Ed. 516. An injunction upon the defendant's patent does not therefore trench upon his own patent. Thus in the end our choice depends upon what we deem to be the balance of advantage. We cannot see that it dips clearly enough to the defendant's side to disregard the decisions we have cited. Besides, there is something to be said for the notion that a man should be able to keep his suit in his own control, unless good reason be shown why he should not. Although it is in general desirable that as much litigation as possible should be cleared up at once, other interests at times may prevail. Having to choose here between an interpretation which will let in all such counterclaims or shut them all out, we choose the second.

Decree affirmed.