## CHANDLER & PRICE CO. *v.* BRANDTJEN & KLUGE, INC. ET AL.

No. 11. Argued October 16, 17, 1935.—Decided November 11, 1935.

*Mr. Wallace R. Lane,* with whom *Mr. John F. Oberlin* was on the brief, for petitioner.

*Mr. Dean S. Edmonds* for Brandtjen & Kluge, Inc., respondent.

No appearance for Joseph Freeman, Inc., respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Brandtjen & Kluge, Inc., brought this suit in the District Court for Eastern New York against Joseph Freeman, Inc. The bill alleges that plaintiff is the owner of

patent No. 1,363,200 for "Improvements in Automatic Feed and Delivery for Platen Presses," that defendant is using an infringing printing press, and prays injunction and accounting. Before answer by defendant, the Chandler & Price Company applied to the court for leave to intervene as a party defendant. The substance of the facts it alleges in order to show that it has an interest in the litigation (Equity Rule 37) is as follows: Petitioner is engaged in manufacturing and selling printing presses. It made and sold to defendant the one of which the bill complains, and intends openly to defend this suit. After it put its machine upon the market, plaintiff threatened to sue users for infringement, and as a consequence petitioner's customers required it to give bonds for their protection. Before bringing this suit, plaintiff's counsel wrote defendant enclosing a copy of plaintiff's patent and asked defendant to respect their client's rights. That letter having been referred to petitioner, its counsel inquired of plaintiff's counsel whether suit would be brought against defendant (a user of one press) in the Eastern District of New York rather than directly against petitioner (a manufacturer and seller) in the Northern District of Ohio. Plaintiff's counsel answered that decision to sue defendant in the New York district had been reached, and promised to serve a copy of the bill upon petitioner's counsel. Shortly after commencement of suit that was done. Plaintiff's threats to bring infringement suits against users injured petitioner's business and unnecessarily harassed its customers. Although long before commencement of the suit its device had been shown to plaintiff's counsel and plaintiff knew that it was being sold throughout the United States, plaintiff did not sue petitioner. Defendant has not sufficient interest in the result of the litigation to defend this suit on its own account. Petitioner's intervention is necessary for the protection of its interest.

Contrary to the better practice, the application for intervention did not present a proposed answer. Cf. *Toler* v. *East Tennessee, V. & G. Ry. Co.*, 67 Fed. 168, 174. *Stallings* v. *Conn*, 74 F. (2d) 189, 191. It did not suggest that, independently of defendant or otherwise, petitioner sought opportunity in this suit to enforce a claim for patent infringement against the plaintiff. After hearing, the court granted the leave applied for. Thereupon, the defendant and intervenor filed an answer in which jointly they deny infringement and assert invalidity of plaintiff's patent. And in the same answer the intervenor separately sets up a counterclaim against the plaintiff for infringement of patent No. 1,849,314 for " Improvements in Sheet Transferring Mechanism for Printing Presses," owned solely by it, and prays decree against plaintiff for injunction and accounting. Maintaining that it states a cause of action to which the original defendant is a stranger, plaintiff moved to dismiss the intervenor's counterclaim. The District Court granted the motion. The Circuit Court of Appeals affirmed. 75 F. (2d) 472.

The order granting intervention is not here challenged. The sole question is whether intervenor may bring into this suit a controversy between it and plaintiff in which defendant has no interest.

Intervenor insists that it, rather than the defendant sued, is the real party in interest and that its counterclaim should be permitted so that the entire controversy between the real parties may be settled in a single suit. But intervenor's legal position in relation to the case differs essentially from what it would have been had the bill named it as a defendant and alleged a cause of action against it in the infringement suit. Undoubtedly in such a case the petitioner, whether or not suable in that district (§ 48, Judicial Code) would have had the right to enter its appearance and make its defense, and also to set up counterclaim against plaintiff. *Leman* v. *Krentler-*

*Arnold Co.*, 284 U. S. 448, 451. *General Electric Co.* v. *Marvel Co.*, 287 U. S. 430, 435. Here plaintiff's alleged cause of action is use. by the defendant of a single machine alleged to infringe patent No. 1,363,200 belonging to plaintiff. Defendant has no interest in patent No. 1,849,-314 owned by intervenor and made the basis of the counterclaim in question. The bill neither alleges any cause of action nor prays judgment against the intervenor. Petitioner was not sued and, until granted leave to intervene, it was a stranger to the suit. The facts alleged in its application were not sufficient to show that as a matter of equitable right petitioner is entitled to intervene. *Western Union Telegraph Co.* v. *United States & M. T. Co.*, 221 Fed. 545, 552. *United States Trust Co.* v. *Chicago Terminal T. R. Co.*, 188 Fed. 292, 296. *Toler* v. *East Tennessee, V. & G. Ry. Co.*, *supra*, 171-172. *Chester* v. *Life Assn. of America*, 4 Fed. 487, 491. The showing presents a situation familiar in patent infringement cases brought against a user where the maker of the accused article is upon its application and in the discretion of the court permitted to intervene. *Curran* v. *St. Charles Car Co.*, 32 Fed. 835, 836. *Foote* v. *Parsons Non-Skid Co.*, 196 Fed. 951, 953. *Continuous Extracting Corp.* v. *Eastern Cotton Oil Co.*, 264 Fed. 340. *Baldwin* v. *Abercrombie & Fitch Co.*, 227 Fed. 455; 228 Fed. 895, affirmed *sub nom. Abercrombie & Fitch Co.* v. *Baldwin*, 245 U. S. 198, 200. See *Angier* v. *Anaconda Wire & Cable Co.*, 48 F. (2d) 612, 613. The record discloses no foundation for the claim that the defendant sued is not, or that the intervenor is, the real defendant in interest.

There is no suggestion that defendant has any interest in the counterclaim or that the issues between intervenor and plaintiff that are tendered by, or that might possibly arise out of, the counterclaim may not be adjudged in a separate suit. The intervenor was not entitled to come into the suit for the purpose of having adjudicated a con-

troversy solely between it and plaintiff. Issues tendered by or arising out of plaintiff's bill may not by the intervenor be so enlarged. It is limited to the field of litigation open to the original parties. *Curran* v. *St. Charles Car Co.*, *supra*, 837. *Powell* v. *Leicester Mills*, 92 Fed. 115. *Atlas Underwear Co.* v. *Cooper Underwear Co.*, 210 Fed. 347, 355. *Leaver* v. *K. & L. Box & Lumber Co.*, 6 F. (2d) 666. *De Sousa* v. *Crocker First Nat. Bank*, 23 F. (2d) 118, 122. *Board of Drainage Comm'rs* v. *Lafayette Southside Bank*, 27 F. (2d) 286, 296. *Tretolite Co.* v. *Darby Petroleum Corp.*, 5 F. Supp. 445, 446. The decisions of the District Court and the Circuit Court of Appeals in *United States Expansion Bolt Co.* v. *H. G. Kroncke H. Co.*, 216 Fed. 186; 234 Fed. 868, are disapproved to the extent, if at all, that they tend to support intervenor's contention that it is entitled to set up the counterclaim.

The intervenor invokes Equity Rule 30 and insists that counterclaims there referred to are not restricted to those required or permitted to be set up by a defendant sued, in contradistinction to an intervenor as party defendant under Rule 37. And it further insists that, by virtue of the leave to intervene and in view of the answer interposed, it is a defendant within the meaning of Rule 30. That rule declares: "The defendant by his answer shall set out . . . his defense to each claim asserted in the bill . . . The answer must state . . . any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him . . ." It is true, as suggested by the intervenor, that this rule does not expressly make a distinction between a defendant named in the bill and one who, leave having been granted, intervenes as a party defendant. But the context makes

against construing the word " defendant " as used in the rule to include one permitted to intervene. See *Allington* v. *Shevlin-Hixon Co.*, 2 F. (2d) 747, 749. The statement that defendant shall set up his " defense to each claim asserted in the bill " is inconsistent with the construction for which the intervenor here contends. Intervention necessarily is subsequent to the commencement of the suit. As shown above, this bill does not make the intervenor a party or allege aught against it. It is plain that the rule does not authorize one given the privilege to intervene as party defendant to set up and enforce against the plaintiff a counterclaim not available to the original defendant and in which it had no interest. Construction of the rule that denies intervenor the right to set up the counterclaim in question is supported by Equity Rule 37 which declares: "Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention . . ." It is essential that the applicant shall claim an interest in the matters there in controversy between the plaintiff and original defendant. The purpose for which permission to intervene may be given is that the applicant may be put in position to assert in that suit a right of his in respect of something there in dispute between the original parties. Intervenor's counterclaim, involving nothing in which defendant is concerned, does not constitute the interest referred to in Rule 37.

Exclusion from the litigation of that demand is consonant with reason and in the interest of justice. Introduction by intervention of issues outside those that properly may arise between the original parties complicates the suit and is liable to impose upon plaintiff a burden having no relation to the field of the litigation opened by his bill. *Leaver* v. *K. & L. Box & Lumber Co.*, *supra*. *Gregory* v. *Pike*, 67 Fed. 837, 845. In the absence of language definitely requiring it, the construction of Rule

30 for which the intervenor contends cannot reasonably be sustained. The counterclaim against the plaintiff was rightly dismissed.

*Affirmed.*