## WEBSTER CO. v. SOCIETY FOR VISUAL EDUCATION, Inc.

### No. 5688.

Circuit Court of Appeals, Seventh Circuit.

March 24, 1936.

Samuel W. Banning and Ephraim Banning, both of Chicago, Ill., for appellant.

Paul Carpenter, Whitman Taylor, and Henry Gifford Hardy, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

SPARKS, Circuit Judge.

This appeal raises the question of venue of a suit under the Declaratory Judgment Act, 28 U.S.C.A. § 400, and is taken from a decree sustaining a motion to quash service of process for lack of jurisdiction, and dismissing the cause.

Appellant set out in its bill of complaint that it was an Illinois corporation having its principal office and place of business in Chicago, and that appellee was a Delaware corporation, also having its principal office and place of business in Chicago; that jurisdiction rested on the Declaratory Judgment Act and on the fact that rights under certain specified patents were involved; that appellant was engaged in the business of manufacturing certain film slide projectors after an original design of its own, useful for advertising display and for educational work; that it undertook this manufacture and sale after receiving legal advice that the design did not infringe any outstanding patent and that the projectors were free and clear from the claims of the three patents in which appellee asserted its rights; that despite the noninfringing character of its projectors, and in violation of its rights, appellee had interfered with its business by notifying its customers of the alleged infringement and threatening suits. The relief prayed was that there be entered a declaratory judgment that the three patents of appellee were invalid and not infringed by appellant's devices, that appellant was fully entitled to manufacture and furnish the projectors to its customers without threats or other interference by appellee, that an injunction issue to prevent appellee from any further assertion of infringement by appellant to its customers, or any further threat of suit, and that appellant have judgment for damages in an amount to be fixed by a Master in Chancery to whom appellant prayed that the case be referred for an accounting. To its bill of complaint appellant appended two exhibits. The first was a letter sent by appellee's Chicago counsel to appellant, notifying it of the alleged infringement and threatening to file suit unless it promised within ten days to cease and desist the infringement and to account for previous infringement. The second was a letter sent by the same Chicago counsel to a customer of appellant located in Michigan, notifying it of the alleged infringement and of the above notification addressed to appellant.

Appellee filed special appearance for the sole purpose of pleading to the jurisdiction, and at the same time filed a motion to quash the service of process for lack of jurisdiction. The court, upon finding that it appeared from the face of the bill that appellant was a resident and inhabitant of Illinois, that appellee was a citizen, resident, and inhabitant of Delaware, and that jurisdiction was alleged to exist by reason of the Declaratory Judgment Act, entered its order sustaining the motion to quash service, and dismissing the cause.

Appellant assigns as error the failure of the court to find that appellee had by its acts waived the personal privilege of being sued in the state of its incorporation, and by such waiver subjected itself to the jurisdiction of the District Court for the Northern District of Illinois. The sole basis for the waiver contention lay in the two letters attached to the bill of complaint. Reduced to its simplest terms, appellant's argument means that because appellee had threatened to file suit against it, which suit would have to be filed in the Northern District of Illinois because appellant is an Illinois corporation having its principal office and place of business in Chicago, appellee thereby invoked the jurisdiction of the District Court for that district, and waived its right to be sued, if at all, for any matter arising out of the subject matter of the specific patents, in the district of its own residence.

Section 274d of the Judicial Code, 28 U.S.C.A. § 400, which empowers courts of the United States, in cases of actual controversy, to declare rights and other legal relations of any interested party petitioning for such declaration, which declaration shall have the force and effect of a final judgment or decree, is silent as to the question of venue for cases brought under the Act. It follows that section 51 of the Judicial Code, as amended, 28 U.S.C.A. § 112, applies: "(a) * * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." While here there was diversity of citizenship between the parties, it is clear that jurisdiction was founded not on that fact,

but on rights arising under the patent laws, hence the latter provision does not apply.

██ That the matter of venue in a suit where jurisdiction over the subject matter exists is a matter of personal privilege which may be waived by the defendant, cannot now be questioned. The only question then is whether the defendant in the case at bar has committed acts by which it may be held to have waived the privilege. Appellant relies almost wholly on the decision of this court in the case, United States Expansion Bolt Co. v. H. G. Kroncke Hardware Co., 234 F. 868. There a New York corporation filed suit in the District Court for the Western District of Wisconsin against a dealer who handled a device alleged to infringe a patent granted to it. After filing the suit, counsel for the plaintiff mailed to counsel for the manufacturer of the alleged infringing device, also a New York corporation, a copy of the bill of complaint, stating that he presumed that the latter's clients would undertake the defense of the suit. Thereafter, the manufacturer filed its petition to be made a formal party to the suit in the District Court in Wisconsin. The plaintiff resisted the petition, whereupon the court granted the petition. The intervening manufacturer then joined in the answer of the defendant dealer, setting up infringement of two patents owned or controlled by the former, and also acts of unfair competition on the part of the plaintiff. This court held that the District Court had properly assumed jurisdiction over the matter of the two patents set up in the counterclaim, stating:

"While suit could not, in the first instance, have been maintained in Wisconsin by the Diamond * * * Company against appellant over its objection upon either the Pleister or the Cook patent, we have no doubt but that appellant waived that objection by its action in bringing the suit in the Wisconsin district as well as by statements of counsel shown on pages 1085 and 1087 of the record in the premises with regard to the patents of the counterclaims. * * * Of such a case some federal court had jurisdiction. So that no question of federal jurisdiction is involved.

Appellant had the right to waive the question of privilege, and did so."

██ The holding in the foregoing case was specifically disapproved by the Supreme Court in Chandler & Price Co. v. Brandtjen & Kluge, Inc., 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. ——. Appellant contends that this disapproval does not go to the question of waiver, but is directed only to the matter of permitting an intervenor to set up a counterclaim based on patents in which the original party defendant has no interest, hence the case stands as authority for his proposition as to waiver. We do not agree with appellant that the authority which it seeks can be spelled out of the holding in the Kroncke Case. There all the acts relied upon by appellant in the case before us as constituting waiver took place after the suit had been filed and were done in pursuance of the proceedings which the party raising the objections had itself instituted. It is not necessary in the decision of this case for us to say that waiver of the venue privilege can never be predicated upon conduct of parties prior to the filing of a suit. However, we do hold that such conduct as is here set forth, namely, the writing of letters threatening to bring suit, which suit would of necessity have to be brought in the district whose jurisdiction it seeks to evade by its motion to quash, does not of itself operate as a waiver of the privilege accorded it under section 51.

Appellant argues that public policy demands that some measure of responsibility shall attach to the sending of threatening letters to the trade and a hostile attack on a competitor's business, and that the recognition of such letters as a waiver of the venue privilege thus enabling an injured competitor to seek a prompt adjudication of the issues in the district where he is located and the acts complained of have been committed, would operate to correct an evil which it indicates has long been prevalent in connection with patent controversies. This may be true, and yet if it is, it is an evil which calls for legislative remedy, and not a matter which may be corrected by the courts under the present statutes.

**Decree affirmed.**