178

## E. G. STAUDE MFG. CO. v. BERLES CARTON CO., Inc. (INTERNATIONAL PAPER BOX MACH. CO., Intervener).

### No. 8641.

District Court, E. D. New York.

Dec. 29, 1939.

Reargument Denied March 13, 1940.

See 32 F.Supp. 573.

Moses & Nolte, of New York City (Albert C. Nolte and James N. Catlow, both of New York City, of counsel), for the motion.

William Marston Seabury, of New York City (Henry A. Wise, Jr., of New York City, of counsel), for intervener International Paper Box Mach. Co.

CAMPBELL, District Judge.

This is a motion for an order dismissing the two counterclaims of the intervener, International Paper Box Machine Company, set forth in the amendment to the intervener's answer, on the ground that said amendment to intervener's answer, with respect to each of said respective counterclaims, does not state facts sufficient to constitute a cause of action against the plaintiff cognizable by this Court.

This action was originally brought by the plaintiff against Berles Carton Co., Inc., defendant, for an injunction and an accounting because of infringement by the said Berles Carton Co., Inc., of letters patent of the United States, No. 1,969,106 owned by the plaintiff.

The defendant duly appeared therein, and filed his answer, containing certain denials, and setting up the defenses of invalidity and non-infringement. Thereafter, the International Paper Box Machine Company, which was the manufacturer and vendor to the defendant, of the machine alleged in the complaint to be an infringement of plaintiff's patent, moved to intervene and made a part of its moving papers a proposed answer, which was the same, substantially, in form, as the answer previously filed by the defendant, Berles Carton Co., Inc., plaintiff making no objection to the granting of said motion to intervener, and the motion was granted, and by order of this Court dated January 30th, 1939, the said intervener was granted leave to file the answer, annexed to the moving papers, and thereafter filed said answer on or about February 2nd, 1939.

After the filing of said answer, and without obtaining further leave of this Court, the intervener, on or about February 11th, 1939, filed the paper designated "Amendment to Intervener's Answer", in which the only new matter set up, consisted of two alleged counterclaims, one of which was based on a charge of unfair competition, and the other, on a charge of infringement of three patents, namely, Labombarde No. 1,960,311; Hudson No. 1,819,841; and Hartman No. 1,867,220, alleged to be owned by said intervener.

The question here involved of the right of an intervener in a patent suit to plead counterclaims, which could not have been pleaded by the original defendant, was determined adversely, to the inter-

vener's contention in Brandtjen & Kluge, Inc., v. Joseph Freeman, Inc., 2 Cir., 75 F.2d 472, affirmed under title of Chandler & Price Co. v. Brandtjen & Kluge, Inc., 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39.

Defendant contends, however, that under the new Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the practice has been changed from that which existed under Rule 30, 28 U.S.C.A. following section 723, when the aforementioned decisions were rendered.

I cannot agree with the defendant's contention, as it seems to me that Rule 13 is substantially Equity Rule 30, broadened to include legal, as well as equitable counterclaims, and the aforesaid decisions apply.

■ The defendant further contends that it was justified in filing the amendment, because of the following provisions contained in the order, permitting intervention: "And shall have all such rights and privileges as had it originally been made a Party Defendant to the above-entitled action".

This does not seem to me to sustain intervener's contention, because no such relief was asked for in the moving papers, nor under the decisions quoted should such relief have been granted.

The proposed answer, which formed part of the moving papers, was limited to the same defenses, as those contained in the answer interposed by the original defendant and, therefore, there was no reason on the part of the plaintiff, to object to such intervention.

■ The intervener further contends, that plaintiff is not entitled to ask for the relief sought herein, that is, the dismissal of the counterclaims, because plaintiff did not raise any objection at the time when the amended answer was filed.

That contention does not seem to be sustained, because the plaintiff's time to answer, or otherwise plead, to the counterclaims, set up in the papers called an "Amended Answer", has, by stipulation, been continuously kept open, and plaintiff has not answered, or replied, to said counterclaims, or otherwise moved and, therefore, it still has the right to make this motion.

The motion to dismiss the two alleged counterclaims of the intervener is granted.

Settle order on notice.