282

## JOHNSON v. GEORGIA POWER CO.
### No. 2290 Civ. A.

District Court, N. D. Georgia,
Atlanta Division.

April 2, 1942.

Haas, Gambrell & Gardner, and John E. Branch, all of Atlanta, Ga., for plaintiff.

MacDougald, Troutman & Arkwright, and Wm. H. Schroeder, Jr., all of Atlanta, Ga., for defendant Georgia Power Co.

R. H. Wendt and McCaleb, Wendt & Dickinson, of Chicago, Ill., and Mac-Dougald, Troutman & Arkwright, of Atlanta, Ga., for intervenor, A. B. Chance Co.

UNDERWOOD, District Judge.

The above case came on regularly for hearing upon application of A. B. Chance Company to intervene as defendant and to file counterclaims against plaintiff.

Applicant claims the right to intervene under Rule 24(a) and (b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

As to Rule 24(a), it appears from the record that applicant's interest in the suit, if any, is adequately represented by the existing party defendant and that it will not be bound by a judgment in the action except by its voluntary and conditional agreement with the defendant, Georgia Power Company, to that effect, made subsequently to the filing of the suit. Said agreement is conditional in that applicant may withdraw from the proceeding before trial and it does not appear that it is under any unequivocal and binding obligation to respond to any judgment that might be rendered against Georgia Power Company. Applicant did not sell the patented article in question to defendant, and it is not made clear that its predecessors in interest sold said articles to defendant, at least at a time which would impose liability upon applicant, nor does it appear that applicant assumed any liabilities of said predecessors.

It does not appear that defendant has any interest in the counterclaims of applicant or that the issues between applicant and plaintiff arising out of the counterclaims may not be adjudged in a separate suit, as applicant has frankly said would happen if the intervention were denied. It is my opinion, therefore, that the intervention should not be allowed under Rule 24(a). Chandler & Price Co. v. Brandtjen & Kluge, 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39; Ring Refrigerator & Ice-Machine Co. v. St. Louis Ice Manufacturing & Cold-Storage Co., C.C., 67 F. 535; Demulso Corporation v. Tretolite Co., 10 Cir., 74 F.2d 805; E. G. Staude Manufacturing Co. v. Berles Carton Co., Inc., D.C., 31 F.Supp. 178.

As to Rule 24(b), the record discloses that allowance of the intervention and prosecution of the counterclaims would unduly delay and prejudice the adjudication of the rights of the original parties and inject new and extraneous issues into the suit, which involves few and simple

issues and no accounting, inasmuch as plaintiff's entire claim against defendant is based on the sale of only nine clamp sticks which were purchased from Tips Tool Company, Inc., at a price of $17.05 each, or a total of $153.45. All of these clamps were sold between the dates May 2, 1938 and August 5, 1938, prior to the transfer of the business of Tips Tool Company, Inc., to Chance Development & Investment Company on August 30, 1938, except two which were sold on November 2, 1938. Furthermore, the record shows that the Tips Tool Company, Inc., continued to operate for some time after the purchase of its business by the Chance Development and Investment Company.

On the other hand, applicant's counterclaims, which it insists of necessity must be filed under Rule 13(a), would involve the adjudication of the validity of four other patents, under which applicant claims, and probably elaborate accounting between plaintiff and applicant, which would play no part at all in the proceeding between plaintiff and defendant.

The establishment of the validity of the four patents alleged to have anticipated the one in suit is a very different thing from merely showing lack of novelty by disclosures in prior letters patent, whether the patents are valid or not. Defendant, Georgia Power Company, may be willing to defend itself by showing prior publication rather than by undertaking to establish the validity of such prior patents and certainly would not be interested in any damages applicant might claim against plaintiff under the four patents.

Applicant can file a separate suit against plaintiff to try out its much more elaborate case rather than burden the parties in this with same or create a multiplicity of issues in the suit at bar.

Applicant states that if the intervention is not granted it will file a separate suit in this Court on the four alleged prior patents.

Applicant further states that it is not established "that the devices complained of were of the same construction as those now being made by A. B. Chance Company." (Application for Intervention, p. 10.) Here is an issue foreign to the present suit which would have to be tried. To allow the intervention would also require considering inter-company transactions between applicant and the two predecessor companies.

On the whole record, therefore, it is my opinion that applicant has not made out a case for intervention under either Rule 24(a) or 24(b), and the application is, therefore, denied.