**REYNOLDS PEN CO. v. MARSHALL FIELD & CO. (KIMBERLY CORPORATION, Intervenor).**

No. 47 C 265.

United States District Court
N. D. Illinois, E. D.

Sept. 13, 1948.

Fred Gerlach, of Chicago, Ill., for plaintiff.

McLaughlin & Wallenstein, of Chicago, Ill., for intervenor.

LaBUY, District Judge.

Plaintiff has filed its motion to dismiss the amended counterclaim of defendant-intervenor. From reading the briefs of litigants in respect thereto it becomes apparent that the previous ruling on the counterclaim had not taken into consideration the status of the parties involved.

It is urged that an intervenor cannot bring in by counterclaim issues not in dispute between the original parties or in which one of the original parties has no interest. Chandler & Price Co. v. Brandtjen

& Kluge, Inc., 1935, 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39. The court is of the opinion that the new rules have not relaxed the principle of the Chandler case particularly where there is involved a permissive intervention and not an intervention as a matter of right. The initial action herein is based on the validity of a patent. The intervenor counterclaimant is permitted to defend against the validity of the patent in this case but is not permitted to raise the question of unfair competition inasmuch as that is not an issue involved between the original parties. Consideration should be given to the delay and prejudice to the original parties in determining the prime issue of validity of the patent.

It is suggested that a separate trial be given on the counterclaim. Federal Rules of Civil Procedure, rule 42, 28 U.S.C.A., could be applied only if the counterclaim is proper in the first instance of its filing, and consequently cannot be applied here.

For the above reasons the court sustains the plaintiff's motion to dismiss the amended counterclaim of defendant-intervenor. An order in accord herewith has this day been entered.