**FINCK et al. v. GILMAN BROS. CO.**

**Civ. A. No. 3002.**

United States District Court
D. Connecticut.

Jan. 26, 1951.

Eyre, Mann & Burrows, of New York City (Alan N. Mann, New York City, of counsel), Rockwell & Bartholow, of New Haven, Conn., Solicitors for plaintiffs.

George Gilman, of Norwich, Conn. (William R. Liberman, of New York City, of counsel), for defendant.

Wallace & Cannon, of Chicago, Ill., for Intervenor, Silvercote Products Co.

HINCKS, Chief Justice.

This is an action alleging infringement of Finck patent No. 2,098,138 which, in general, covers a system of insulation by means of heat-reflective paper attached either to wall areas or an insulating blanket. This heat-reflective paper is of two types: metallised paper, and paper covered with an aluminum foil. The alleged infringement by defendant is the manufacture and sale of a "fabricated blanket insulating material having on at least one side thereof a layer of paper coated with heat-reflective material and specifically with aluminum foil."

This motion to intervene and be made a defendant in the action is by Silvercote Products, Inc., which manufactures and sells to defendant metallized paper to be used by defendant on one type of its fabricated blankets. Plaintiffs oppose the intervention on the ground, *inter alia,* that it greatly expands the field of controversy.

On argument plaintiffs' counsel indicated that their claim of infringement would be limited to claim 14 of the patent, and that position is formally taken in their reply to the counterclaim. However, the defendants by counterclaim seeking declaratory relief have sought to put in issue the validity also of claims 4, 9, 11, 15 and 16 of the patent in suit.

For present purposes, I assume without deciding that the controversy thus framed in the main case extends beyond the infringement of claim 14 to all the grounds of invalidity which the defendant has asserted not only against claim 14 but also against claims 4, 9, 11, 15 and 16 of the patent in suit. I likewise assume that the intervenor's proposed answer and counterclaim, filed with its motion to intervene as required by Fed.Rules Civ.Proc. rule 24(c), 28 U.S.C.A., states one or more questions of law or fact common with the main case within the purview of Rule 24(b). Nevertheless, it is clear that the intervenor proposes to accomplish a very substantial enlargement of the field of controversy bounded as it is in the main action. For instance, in its proposed answer it seeks to inject into the controversy a great mass of allegedly anticipatory matter and a prior use not mentioned in the defendant's answer; also an alleged estoppel of such content as not to be available as a defense to the defendant. And in its counterclaim it seeks to raise issues of "unclean hands" and unfair competition growing out of matters wholly outside of the relationship between the parties to the main action. It is thus plain that the intervention, if allowed, will substantially delay the adjudication of the rights of the original parties. Indeed, the submission of the mere motion has already involved, in addition to the oral argument thereon, an intervenor's proposed answer and counterclaim of twenty-two typed pages (the defendant's answer and counterclaim was contained in five typed pages) and written briefs aggregating fifty-five typed pages of argument, all of which required analysis before the court could form the conclusion now announced that a wise use

of the discretion provided in Rule 24(b) requires that the motion should be denied. Allen Calculators, Inc. v. National Cash Register Co., 322 U.S. 137, 64 S.Ct. 905, 88 L.Ed. 1188. I fear that the intervention, if allowed, would result in the evils which were so vividly expressed in Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., D.C., 51 F.Supp. 972, and here such dangers are not outweighed by considerations of public interest such as were present in that case.

There is another, independent ground for my ruling to which plaintiff calls attention. Neither the plaintiff nor the intervenor is a resident of this district. There is thus an absence of proper venue for the controversy stated in the intervenor's counterclaim. Brandtjen & Kluge v. Freeman, 2 Cir., 75 F.2d 472, affirmed on other grounds, Chandler & Price Co. v. Brandtjen & Kluge, 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39.

It is accordingly ordered that the motion to intervene be denied.