**AR–TIK SYSTEMS, Inc.**

v.

**DAIRY QUEEN, Inc.**

**Civ. A. No. 24258.**

United States District Court
E. D. Pennsylvania.

June 9, 1958.

Mark D. Alspach, Krusen, Evans & Shaw, Philadelphia, Pa., for plaintiff.

Michael H. Egnal, Philadelphia, Pa., for defendant.

William W. McAdams, Philadelphia, Pa., Owen J. Ooms, Ooms & Dominik, Chicago, Ill., J. T. McCamic, McCamic & Tinker, Wheeling, W. Va., Abraham Pinsky, Pinsky & Mahan, Wellsburg, W. Va., for intervenors.

EGAN, District Judge.

This action comes before the Court upon an application for intervention filed by H. A. McCullough and Hugh F. McCullough. They seek to intervene as defendants in the above captioned action pursuant to Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In conjunction with their petition to intervene the applicants have included within their pleadings a counterclaim to be asserted against the plaintiff should their plea be successful.

In order to simplify an extremely complicated set of facts, contracts and other circumstances, the Court will only present at this time the factors which affect the outcome of this motion.

Plaintiff, an Indiana corporation, brings this action against the defendant,

a Washington corporation, registered to do and doing business in Pennsylvania, requesting inter alia that the latter be enjoined from using the name "Dairy Queen" in its operations as a sub-licensor of soft ice cream being sold in various stores in Pennsylvania under that name. Plaintiff also seeks an accounting for royalties deriving from the sale of products under that name. The expectant intervenors, as licensors of the defendant, allege that they alone are the owners of the name "Dairy Queen" and consequently dispute the right of the plaintiff to enforce its claim. The various rights that are asserted by the parties arise out of a series of cumbersome and complicated contracts dating back some twenty years. However, the sole issue before the Court at this time relates to the question of the McCulloughs' *right* to intervene in this action so as to protect their licensing arrangement with the defendant, as well as to settle the ownership dispute relating to the name "Dairy Queen."

The applicants base their motion upon section (a) (2) of Rule 24 which states:

> "Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by the judgment in the action; * * *"

It is manifest from the rule itself, and so state the authorities interpreting the section,[1] that in order to be entitled to intervention as a matter of right, the applicants must illustrate to the Court that their interests are not being adequately represented and that they may be bound by the judgment rendered.[2]

Initially the Court is faced with the problem of whether or not the interven-

ors' interests will be adequately represented. Although they are nominally intervening as parties-defendant, it is obvious that eventually the applicants will look to the defendant for the royalties which may become due to them if they are successful in establishing their ownership to the name "Dairy Queen." Not only are the applicants' interests adverse to the plaintiff by reason of the dispute over the ownership of the name, but so too there can be no representation by the defendant which would adequately protect the applicants' position because of the financial conflict that exists between them.

Even though applicants have hurdled the first obstacle, they must next meet the test of whether or not they may be "bound" by a judgment rendered in the case. The word "bound", as used in Rule 24(a) (2) has been given many conflicting interpretations. This is evidenced by the number of inconsistent cases reported, both before and after the Supreme Court expressed its view in the case of Sutphen Estates v. United States, 1951, 342 U.S. 19, 20, 72 S.Ct. 14, 96 L. Ed. 19. Some courts have equated that word to mean that the intervenor will be "bound" if he may be "materially affected" or may suffer a "practical disadvantage" by the outcome of the action. Ford Motor Co. v. Bisanz Bros., 8 Cir., 1957, 249 F.2d 22; Clark v. Sandusky, 7 Cir., 1953, 205 F.2d 915; Mack v. Passaic Nat. Bank & Trust Co., 3 Cir., 1945, 150 F.2d 474. Generally see, Note, 63 Yale L.J. 408.

However, even in view of this Circuit's interpretation in the Mack case, supra (which case preceded Sutphen), we are inclined to follow the Supreme Court in holding that an applicant may be "bound" within the meaning of Rule 24(a) (2) *only when he may be subject to a plea of res judicata.* See also United

---

1. 4 Moore, Federal Practice, par. 24.08, p. 35 and the cases cited therein.

2. "On the application for intervention, the well-pleaded allegations will be taken as true." 4 Moore, Federal Practice, par. 24.14, p. 101.

States v. Wilhelm Reich Foundation, D.C. D.Me.1954, 17 F.R.D. 96, affirmed Baker v. United States, 1 Cir., 1955, 221 F.2d 957; Durkin v. Pet Milk Co., D.C.W.D. Ark.1953, 14 F.R.D. 374; Innis, Speiden & Co. v. Food Machinery Corp., D.C.D. Del.1942, 2 F.R.D. 261; Johnson v. Georgia Power Co., D.C.N.D.Ga.1942, 2 F.R.D. 282; Ocean S. S. Co. of Savannah v. Allen, D.C. 36 F.Supp. 851, affirmed 5 Cir., 1942, 123 F.2d 469; Cf. Textile Workers Union of America v. Allendale Co., 96 U.S.App.D.C. 401, 226 F.2d 765.[3]

■■ It is our opinion that if a court is desirous of permitting a party to intervene under a particular circumstance, it should not resort to a strained interpretation of the word "bound" in Rule 24(a) (2), but rather permit the intervention under the discretionary powers granted in section (b) of the Rule. Some of our appellate courts have contributed to the confusion by failing to delineate between intervention as of right and permissive intervention as they are set out in the rules. Thus, the interpretation of the word "bound" has been extended to grant intervention as of right in situations where permissive intervention was the real issue. This is so because on appeal, the appellate court may not review the lower court's discretionary denial under section (b) but may only consider the question of intervention as of right. 63 Yale L.J. 408.

■ Availing ourselves of the Supreme Court's interpretation of "bound" in the res judicata sense, it is difficult to perceive how these applicants would be entitled to intervention of right. It should be pointed out that our denial of their motion will not prohibit the applicants from pursuing their cause in another action. Therefore, under all the facts and circumstances of this case, we are of the opinion that the applicants do not have an absolute right to intervene

under Rule 24(a) (2) because a judgment rendered herein could not be res judicata as to them.

Although the applicants do not base their motion upon Rule 24(b) (2), we feel constrained, under the above reasoning, to consider this ground for intervention. That section reads as follows:

"Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Granting of intervention under this section is, by definition, discretionary with the trial court. It is entirely feasible that as this case develops, certain issues, both of fact and of law, will be identical with those which would be raised by the applicants if they were to be successful in their pending motion.

However, the above is not the sole criterion under this section. If the intervention will "unduly delay or prejudice the adjudication of the rights of the original parties," then the trial court can properly deny the motion. 4 Moore, Federal Practice, par. 24.10(4), p. 62. It is this Court's opinion that the intervention of the McCulloughs in the instant case would cause much delay in the trial of the case. Questions which are different and which were not within the contemplation of the original parties would thereby be injected. Undoubtedly, once the applicants herein would be admitted, the issues of the case would be so broadened as to render the original action unrecognizable. This is illustrated by the allegations which appear in the appli-

---

3. "In conventional litigation, one is bound by a judgment in the action, within the meaning of Rule 24(a), when the judg- ment is res judicata as to him." 226 F.2d at page 767.

cants' answer and counter-claim.[4] See, 4 Moore, Federal Practice, par. 24.17, p, 127. For this reason, intervention on a permissive basis must also be denied. The Court is of the opinion that the controversies of Ar-Tik and the McCulloughs inter se should be decided in a separate proceeding which would be free from the complications that beset the parties to the instant case.

The motion for intervention under Rule 24 is hereby denied.

4. Illustrative of the applicants' counter-claim are:
    (a) An injunction against the plaintiff from asserting the rights of ownership in the trademark and tradename "Dairy Queen,"
    (b) Assignment of certain trademark registration numbers which allegedly were procured in derogation of certain obligations which inured to the plaintiff,
    (c) An injunction against the plaintiff from violating certain sections of the United States Code relating to patents,
    (d) Recovery of counsel fees from the plaintiff,

all of which play no role in the controversy between the parties to the original suit.

It is even questionable that the intervenors would be permitted to counter-claim if the theory of their intervention was based on section (b). See, Chandler & Price Co. v. Brandtjen & Kluge, Inc., 1935, 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39; E. G. Staude Mfg. Co. v. Berles Carton Co., D.C.E.D.N.Y.1939, 31 F. Supp. 178; United States v. Columbia Gas & Electric Corp., D.C.D.Del.1939, 27 F.Supp. 116.